IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 13-6973** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
| **Defendants.** | : | |

**Goldberg, J.**                                                                                                                              **July 20, 2015**

### **MEMORANDUM OPINION**

Plaintiff Rafiyq Davis brings this action against the City of Philadelphia, Police Officers Frank Bonett, Nicholas Cessna, Thomas Corte and Jennifer Skrocki. Plaintiff alleges that Defendants falsely arrested him and presented false testimony at trial in violation of the Eighth, Thirteenth and Fourteenth Amendments.

Presently before me is Defendants' motion for summary judgment. For the reasons discussed below, I will grant the motion.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed unless otherwise indicated:

On August 20, 2008, Plaintiff was arrested by Philadelphia Police Officers and was charged with two drug related crimes. On March 13, 2009, Plaintiff was found guilty on both counts in the Municipal Court of Philadelphia County. (Defs.' Mot. Ex. 2.) Plaintiff contends that the officers presented false testimony and falsified records at trial. (Compl. pp. 1-3.)

The case was transferred to the Court of Common Pleas of Philadelphia County for a trial de novo. On December 13, 2011, Plaintiff was found not guilty. (Defs.' Mot. Ex. 4.) Plaintiff alleges that the officers also presented false testimony at the December 13, 2011 trial do novo. (Compl. pp.

1

1-3.)

Plaintiff filed suit against the officers as well as the City of Philadelphia. He brings claims under the Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution. Defendants have moved for summary judgment. Plaintiff has failed to respond to this motion.[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the non-moving party. Galena v. Leone, 638 F.3d 186, 196 (3d Cir. 2011). However, "unsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. Schaar v. Lehigh Valley Health Servs., Inc., 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 461 (3d Cir. 1989)).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met by showing that the non-moving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that

---

[1] Even in the absence of a timely response, summary judgment motions may not be granted as uncontested. See Fed. R. Civ. P. 56; Local Rule 7.1.

party's case." Id. at 322.

After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A).

### III. DISCUSSION

#### 1. Eighth Amendment

Defendants argue that Plaintiff's Eighth Amendment claim fails as a matter of law because the prohibition against cruel and unusual punishment does not apply until after conviction and sentence and Plaintiffs claims relate to his pre-conviction arrest and the officer's testimony at trial. I agree with Defendants in that the Eighth Amendment does not attach until after conviction and sentence. Ingraham v. Wright, 430 U.S. 651, 671, n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") Defendants are thus entitled to judgment on Plaintiff's Eighth Amendment claim.

#### 2. Fourteenth Amendment

Defendants note that it is unclear from Plaintiff's complaint whether he is asserting a substantive or procedural due process claim. Regardless, Defendants argue that Plaintiff's claim fails. I agree with Defendants that is unclear and will consider both bases for Plaintiff's claim.

Regarding substantive due process, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed

under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997). Plaintiff's allegations regarding his allegedly false arrest and the presentation of allegedly false testimony at trial are covered by procedural due process and the Fourth Amendment. See Napue v. People of State of Ill., 360 U.S. 264, 269 (1959); Albright v. Oliver, 510 U.S. 266, 271 (1994). As such, the "more-specific-provision rule" forecloses Plaintiff from asserting a substantive due process claim.

Regarding a violation of procedural due process, a plaintiff must establish that: "(1) he was deprived [by state action] of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ., 574 F.3d 214, 219 (3d Cir. 2009) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (internal quotation marks omitted)).

Defendants note that Plaintiff was able to secure a new trial on what Plaintiff characterizes as an "appeal" and that he was found not guilty at the second trial. Given the process that was afforded to Plaintiff, the absence of any evidence suggesting that the process was constitutionally deficient and the fact that Plaintiff was found not guilty, Defendants are entitled to judgment on Plaintiff's due process claim.

### 3. Thirteenth Amendment

Plaintiff has not alleged how the Defendants' actions subjected him to involuntary servitude in violation of the Thirteenth Amendment let alone offered any evidence in support of such allegations. As such, Defendants are entitled to summary judgment on Plaintiff's Thirteenth Amendment claim.

4. **Fourth Amendment**[2]

Defendants argue that Plaintiff's false arrest claim is time barred. In a § 1983 action, a federal court applies the relevant state statute of limitations for a personal injury tort action. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). Federal courts sitting in Pennsylvania have determined that, pursuant to 42 Pa. C.S.A. § 5524, a two-year statute of limitations applies. See Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). A § 1983 cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Id. The statute of limitations for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run "at the time the claimant becomes detained pursuant to legal process." See Wallace v. Kato, 549 U.S. 384, 397 (2007).

Plaintiff alleges that he was falsely arrested on August 20, 2008. Plaintiff appeared for a preliminary hearing on August 28, 2008. (Defs.' Mot. Ex. 2.) Plaintiff commenced this action over five years later on November 29, 2013. As such, his Fourth Amendment claim as well as any related state law claims he may assert in connection with his allegedly false arrest are time barred.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. An appropriate Order follows.

---

[2] Although Plaintiff does not expressly bring a Fourth Amendment claim, he alleges that he was falsely arrested. As noted above, such allegations are analyzed under the Fourth Amendment.